# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DONTAE JAMAR DEVERO,

    Petitioner,

vs.                                      Case No.:    3:14-cv-606-J-32JRK
                                                                           3:13-cr-12-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Dontae Jamar Devero's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1),[1] Supporting Memorandum (Civ. Doc. 2), supplement (Civ. Doc. 12), first Motion to Amend (Civ. Doc. 14), and Second Motion to Amend (Civ. Doc. 17). The United States has responded (Civ. Doc. 6, 15, 20),[2] and Petitioner has replied (Civ. Doc. 22). The claim underlying all of Petitioner's filings is the same: that his mandatory minimum sentence was illegally enhanced from five years to ten years, under 21 U.S.C. §§ 841(b)(1)(B) and 851, because his prior drug convictions do not qualify as "felony drug offense[s]" within the meaning of § 841(b)(1)(B), and counsel was ineffective for not

---

[1] Citations to the record of the underlying criminal case, <u>United States vs. Dontae Jamar Devero</u>, Case No. 3:13-cr-12-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record of the civil § 2255 case, Case No. 3:14-cv-606-J-32JRK, will be denoted as "Civ. Doc. __."

[2] The United States inadvertently filed its response three days late, and requested leave to file its response out of time. (Civ. Doc. 6 at 1). The request is granted.

objecting to the alleged error.

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's Motion to Vacate is due to be denied.

**I.    Background**

On January 23, 2013, a grand jury returned a four-count indictment charging Petitioner with (1) conspiracy to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; (2) possession with intent to distribute cocaine base, in violation of §§ 841(a)(1) and 841(b)(1)(C); (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a convicted felon, in violation of § 922(g)(1).

As a result of negotiations between the prosecutor and Petitioner's counsel, Thomas Bell, the United States agreed to drop Counts Two, Three, and Four, including the § 924(c) firearm charge. In exchange, Petitioner agreed to plead guilty to Count One, subject to an enhanced ten-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, as Petitioner had been previously convicted of a felony drug offense. (See Crim. Doc. 38, § 851 Information). Both sides, including Petitioner himself, agreed that this arrangement was mutually advantageous. As the parties

explained:

> MR. TALBOT: Yes, Your Honor. And just to – my – my – Mr. Bell and I went back and forth quite – quite a lot just kind of negotiating the case.
>
> He was originally charged with a 924(c). So he faced ten years minimum; five for the drug conspiracy, five for the 924(c), consecutive.
>
> Mr. Bell, through negotiations, got me to agree to drop the 924(c). But in exchange I was taking the position that we weren't willing to give up the ten-year minimum mandatory, whether we reached the ten years with the 924(c) and no 851 enhancement or whether we reached it with it. I think actually his guidelines are more favorable in this scenario –
>
> THE COURT: Right.
>
> MR. TALBOT: – than they otherwise would have been, that scenario, being that he – he understood we were going to file the 851 and take it up to ten years that way.
>
> THE COURT: Right.
>
> MR. TALBOT: So that –
>
> THE COURT: And that was – Mr. Bell, I take it that was – you felt like it was in Mr. – knowing that the ten years was going to be there anyway, you felt like it was in Mr. Devero's interest to have it all be on the drugs and not involve the gun; is that correct?
>
> MR. BELL: Well, we mutually agreed –
>
> THE COURT: Yeah.
>
> MR. BELL: – that that was favorable. I mean, the government feels strongly that they certainly could have charged all three mandatories, as the court correct – you know, whether they could have proven at trial, had we gone that way, you know, obviously –

3

| | |
|---|---|
| THE COURT: | Right. |
| MR. BELL: | – remains to be seen. But I would say that it's my understanding from Mr. Devero that this was perceived to be in his best interest to proceed this way on the 851 – the 851 enhancement, rather than the 924(c) enhancement. |
| THE COURT: | Fair enough. |
| MR. BELL: | Is that fair? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | So, Mr. Devero, I think, again – you know, I'm not expecting you to be happy with all those answers, but I think I'm telling you like it is. |
| DEFENDANT: | Oh, I'm content with that, sir. |

(Crim. Doc. 60, Sentencing Transcript at 29-31).

In furtherance of this plea agreement, on May 17, 2013, the United States filed an information to establish prior convictions pursuant to 21 U.S.C. § 851. (Crim. Doc. 38). The United States notified Petitioner that it was seeking an increased mandatory minimum sentence on Count One due to Petitioner's prior convictions for (1) possession of cocaine, in Case Number 16–2010–CF–003355–AXXX–MA, in the circuit court in and for Duval County, Florida, and (2) possession of cocaine and possession with intent to sell cannabis, in Case Number 16–2011–CF–005533–AXXX–MA, in the circuit court in and for Duval County, Florida. (Crim. Doc. 38 at 1-2). The United States attached the judgments for the prior convictions, which reflected that each offense was a third-degree felony. (Crim. Doc. 38-1; Crim. Doc. 38-2).

A few days later, Petitioner pled guilty to Count One pursuant to the written

plea agreement. (Crim. Doc. 43, Plea Agreement; Crim. Doc. 59, Plea Transcript). The Court reminded Petitioner that because of the § 851 enhancement, the mandatory minimum sentence was ten years in prison and the maximum sentence was life. (Crim. Doc. 59 at 16-17). Petitioner stated that he understood the potential sentence, and his counsel assured the Court that he and Petitioner had reviewed the § 851 enhancement. (Id. at 17). Petitioner admitted that he and a co-conspirator sold approximately 100 grams of cocaine base from a motel room in Jacksonville, Florida, and additionally, that he and the co-conspirator kept two loaded firearms in the room. (Crim. Doc. 59 at 25-27; Crim. Doc. 43 at 19-20). Petitioner acknowledged that he did not know what sentence he would ultimately receive, but he hoped that it would be the mandatory minimum of ten years. (Id. at 29).

At the sentencing hearing, and pursuant to 21 U.S.C. § 851(b), the Court asked Petitioner whether he affirmed or denied that he had been convicted of the felony drug offenses alleged in the § 851 information. (Crim. Doc. 60 at 2-3). Petitioner affirmed that he had been convicted as alleged. (Id. at 3). The Court notified Petitioner that if he did not challenge those prior convictions, he waived the right to challenge their validity later on. (Id. at 3-4). Petitioner stated that he understood, and he raised no objection to the convictions. (Id. at 4).

The Court sentenced Petitioner to the ten-year mandatory minimum. (Crim. Doc. 51, Judgment; Crim. Doc. 60 at 37). While the Court noted that Petitioner had a lengthy criminal record for someone who was only 23-years old, the Court expressed optimism that he could still get his life back on track. As such, the Court concluded

that ten years was sufficient, but not greater than necessary, to accomplish the purposes of sentencing. The Court entered judgment on September 13, 2013, and Petitioner did not file an appeal.

## II. Petitioner's Claim

Petitioner timely filed the Motion to Vacate. He argues that his prior convictions for possession of cocaine, in violation of Fla. Stat. § 893.13(6)(a), and possession of cannabis with intent to sell, in violation of Fla. Stat. § 893.13(1)(a)2, do not qualify as "felony drug offense[s]" for purposes of the enhanced sentence under 21 U.S.C. §§ 841(b)(1)(B) and 851. Relying chiefly upon Descamps v. United States, 133 S. Ct. 2276 (2013), Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), and Donawa v. Attorney General, 735 F.3d 1275 (11th Cir. 2013), Petitioner contends that his prior convictions do not qualify as "felony drug offense[s]" because they do not categorically match a generic federal drug trafficking crime. (Civ. Doc. 2 at 5-9). Specifically, Petitioner argues that his prior convictions are not "felony drug offense[s]" because knowledge of the illicit nature of a controlled substance is not an element of an offense under Fla. Stat. § 893.13, whereas such knowledge is an element of a federal drug trafficking crime. (Civ. Doc. 2 at 8-9). Petitioner claims counsel was ineffective for not raising this challenge to the sentencing enhancement.

Before the United States responded, Petitioner moved for leave to supplement his Motion to Vacate with a claim that counsel failed to advise him, before he pled guilty, that any "mention of a firearm eliminates the benefit[s] of completing the [Residential Drug Abuse Program]." (Civ. Doc. 5). The Court granted leave to amend

6

(Civ. Doc. 7), and extended the deadline to file the supplemental claim to December 22, 2014 (Civ. Doc. 10). On December 22, 2014, however, Petitioner filed a supplement that merely repeated arguments concerning the § 851 enhancement. (Civ. Doc. 12).

On July 10, 2015, Petitioner filed a single-page motion to supplement, in which he sought to raise a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the Armed Career Criminal Act's "residual clause," part of 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague). (Civ. Doc. 14). This motion is due to be denied as futile. Petitioner was never sentenced under the Armed Career Criminal Act (ACCA), and as such, Johnson has no bearing on Petitioner's case.

On August 9, 2016, Petitioner filed a second motion to supplement based on Mathis v. United States, 136 S. Ct. 2243 (2016). (Civ. Doc. 17). In Mathis, the Supreme Court clarified how to identify whether a criminal statute is "divisible," i.e., whether it has alternative elements, for purposes of analyzing whether a prior conviction qualifies as a generic burglary under the ACCA. Petitioner repeats his argument that his prior convictions do not qualify as "felony drug offense[s]," within the meaning of 21 U.S.C. § 841(b)(1), because their elements do not match those of a generic federal drug crime. This motion is also due to be denied because Mathis concerned only how to analyze criminal statutes for purposes of the ACCA; it had no bearing on Title 21 sentencing enhancements. In any event, Petitioner's focus on whether his prior convictions matched a generic federal drug crime is misplaced for the reasons stated below.

7

## III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance was deficient, and (2) that as a result of counsel's deficient performance, the petitioner suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To show that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable

8

probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Id. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

### A. Whether Petitioner's Prior Convictions Qualified as "Felony Drug Offense[s]" Within the Meaning of 21 U.S.C. § 841(b)(1)(B)

To the extent Petitioner directly challenges his enhanced sentence under 21 U.S.C. § 841(b)(1)(B), such a claim is procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)). Petitioner could have argued, either before this Court or on direct appeal, that his prior convictions did not qualify as "felony drug offense[s]" under § 841(b)(1)(B), but he did not. To the contrary, Petitioner accepted the consequences of the § 851 enhancement when he pled guilty, he raised no objection to the enhancement at the

9

sentencing hearing, and he did not appeal. As such, Petitioner cannot raise this claim for the first time on collateral review.

### B. Whether Counsel Gave Ineffective Assistance

To the extent Petitioner argues that counsel should have challenged whether his prior drug convictions qualified him for an enhanced sentence under § 841(b)(1)(B), he has not shown deficient performance or prejudice. Petitioner's prior convictions for possession of cocaine and possession of cannabis with intent to sell, in violation of Fla. Stat. §§ 893.13(6)(a) and 893.13(1)(a)2, respectively, properly qualified him for an enhanced sentence. It does not matter if the prior offenses did not match the elements of a generic federal drug crime, or that neither statute required proof of the defendant's mens rea regarding the illicit nature of a controlled substance.

Pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, any person who conspires to distribute 28 grams or more of cocaine base is subject to a five-year mandatory minimum sentence and a 40-year maximum sentence. If a person "commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment[.]" 21 U.S.C. § 841(b)(1)(B).

While Petitioner insists that none of his prior drug convictions qualify as a "felony drug offense" because their elements do not match those of a generic federal drug crime, he overlooks the statutory definition of "felony drug offense." "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that

prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (emphasis added). The words "or of a State or foreign country" make clear that a prior drug conviction need not be the equivalent of a felony under the federal Controlled Substances Act to qualify as a "felony drug offense." It is sufficient if an offense (1) is punishable by imprisonment for more than one year, (2) under any State law, (3) that regulates conduct relating to narcotics, marijuana, anabolic steroids, depressants, or stimulants. And, like the ACCA's definition of the term "serious drug offense," "[n]o element of mens rea with respect to the illicit nature of the controlled substance is expressed or implied by" § 802(44)'s definition of "felony drug offense." See United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014).

Turning to Petitioner's prior drug convictions, any one of them would have satisfied the definition of a "felony drug offense." The judgments from Petitioner's two prior drug convictions reflect that on both occasions he was convicted of possession of cocaine under Fla. Stat. § 893.13(6)(a), which is a third-degree felony. (Crim. Doc. 38-1 at 1; Crim. Doc. 38-2 at 1). Florida law provides that third-degree felonies are punishable "by a term of imprisonment not exceeding 5 years." Fla. Stat. § 775.082(3)(e). Florida's drug schedules include cocaine, a stimulant, among the list of controlled substances. Fla. Stat. § 893.03(2)(a)4. Thus, either of these convictions qualified as a "felony drug offense" because each offense was (1) punishable by imprisonment for more than one year, (2) under a State law, (3) that regulated conduct relating to a stimulant substance (among other substances). Indeed, the Eleventh

11

Circuit has stated that "[b]ecause [a] conviction for cocaine possession under § 893.13(6)(a) [is] punishable by more than one year of imprisonment, it constitute[s] a 'felony' drug offense" under 21 U.S.C. §§ 841(b)(1)(B) and 802(44). United States v. Neal, 520 F. App'x 794, 795 (11th Cir. 2013); see also Albo v. United States, 498 F. App'x 490, 496 (6th Cir. 2012) (finding that a defendant's prior conviction for possession of cocaine under Florida law was a "felony drug offense" within the meaning of 21 U.S.C. §§ 841(b)(1)(B) and 802(44)).

The same conclusion applies to Petitioner's prior conviction for possession of cannabis with intent to sell. (See Crim. Doc. 38-2 at 1). Section 893.13(1)(a)2 of the Florida Statutes makes it a third-degree felony to possess with intent to sell any substance listed in Fla. Stat. § 893.03(1)(c). Cannabis is listed under § 893.03(1)(c)7. The judgment from Petitioner's conviction in Case Number 16–2011–CF–005533–AXXX-MA reflects that he was convicted of "Possession with Intent to Sell Cannabis," in violation of Fla. Stat. § 893.13(1)(a)2. (Crim. Doc. 38-2 at 1). Thus, this conviction also qualified as a "felony drug offense" because it was (1) punishable by imprisonment for more than one year, (2) under a State law, (3) that regulated conduct relating to marijuana.

As such, any objection to whether Petitioner's prior convictions qualified as "felony drug offense[s]" would have been meritless. Although Petitioner contends that counsel should have invoked Descamps, Moncrieffe, and Donawa to challenge the enhancement, all of these cases are inapposite. Descamps involved whether burglary under California law matched the generic definition of burglary for purposes of the

12

ACCA's 15-year mandatory minimum sentence. 133 S. Ct. at 2281-83. Moncrieffe and Donawa concerned whether a noncitizen's prior conviction, under state drug laws, equated to "an offense that the Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment" for purposes of deportation under the Immigration and Nationality Act. Moncrieffe, 133 S. Ct. at 1683; see also Donawa, 735 F.3d at 1280-81.[3] What all three cases had in common is that they required a comparison of the elements of a person's prior conviction under state law with the generic definition of some offense, be that generic burglary or a generic federal drug crime. By contrast, determining whether a prior conviction qualifies as a "felony drug offense" under 21 U.S.C. §§ 841(b)(1)(B) does not require that the crime match the generic definition of some other offense. Section 802(44) supplies the definition of the term "felony drug offense," and it includes any drug crime that state law makes punishable by imprisonment for more than one year. As such, Descamps, Moncrieffe, and Donawa are inapplicable, and they gave counsel no ground for challenging whether Petitioner's prior convictions qualified as "felony drug offense[s]."

Moreover, Petitioner knowingly accepted the enhanced § 841(b)(1)(B) sentence pursuant to a negotiated plea that he judged to be in his best interest. (See Crim. Doc. 60 at 29-31). As the parties recounted during the sentencing hearing, Petitioner was facing a ten-year mandatory minimum regardless of the § 851 enhancement. Even

---

[3] Moncrieffe and Donawa focused on whether the noncitizen's state law drug conviction equated to a felony under the CSA because the Immigration and Nationality Act expressly tied the definition of "illicit trafficking in a controlled substance" to whether an offense would be a felony under the federal CSA. See 8 U.S.C. § 1101(a)(43)(B); Moncrieffe, 133 S. Ct. at 1683; Donawa, 735 F.3d at 1280.

13

without the enhancement, Petitioner was facing a five-year mandatory minimum on the § 841(b)(1)(B) charge (Count One) plus a five-year consecutive mandatory minimum on the 18 U.S.C. § 924(c) firearm charge (Count Three). By pleading guilty to the § 841(b)(1)(B) charge with the sentencing enhancement, he avoided the § 924(c) firearm charge. As a result, Petitioner's mandatory minimum exposure was still ten years, but he avoided the more severe guidelines calculation that might have accompanied a firearm conviction. (See Crim. Doc. 60 at 29-31). Thus, Petitioner accepted the § 851 enhancement as part of a plea deal that was for his benefit. Petitioner has not demonstrated that counsel's decision not to challenge the § 851 enhancement was deficient or prejudicial.

In light of the foregoing, it is hereby **ORDERED**:

1. The United States' motion for leave to file its response out of time (Civ. Doc. 6 at 1) is **GRANTED**.

2. Petitioner Dontae Jamar Devero's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1), as supplemented (Civ. Doc. 12), is **DENIED**.

3. Petitioner's motions to supplement (Civ. Doc. 14, Civ. Doc. 17) are **DENIED** as futile for the reasons stated herein.

4. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.[4]

---

[4] The Court recently received a letter from Mr. Devero inquiring about his case and reporting on some things he has done to better himself while in custody, including

14

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of July, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

---

obtaining a G.E.D. While I have no legal basis to grant Mr. Devero relief, I want to encourage him to continue to make the most out of his time in custody so when he is released, he can become a productive, law-abiding citizen. I wish him well in his efforts.

Lc 19

Copies:

Counsel of record
Petitioner Dontae Jamar Devero